UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL HRAPOWICKI, | ) |
| Plaintiff | ) |
| v. | ) Case No.: |
| LTD FINANCIAL SERVICES, L.P., | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant | ) |
| | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

MICHAEL HRAPOWICKI ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against LTD FINANCIAL SERVICES, L.P. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Watsontown, Pennsylvania, 17777.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at 7322 Southwest Freeway, Suite 1600, Houston, Texas, 77074.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

PLAINTIFF'S COMPLAINT

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

PLAINTIFF'S COMPLAINT

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Defendant and its employees identified as "Mr. Frank White," "Elizabeth," and "John," harassed Plaintiff in an attempt to collect the alleged debt.

18. Defendant and its employees harassed Plaintiff by making continuous calls to his home telephone number.

19. Plaintiff received phone calls and voice messages from Defendant on a number of occasions including but not limited to, numerous calls in the months of January 2010 and February 2010.

20. Defendant placed repeated calls to Plaintiff's home telephone almost every day, causing Plaintiff to receive, at times, more than two (2) collection calls a day.

21. Defendant left a message on Plaintiff's answering machine advising Plaintiff to contact a "Mr. Frank White".

22. Plaintiff not knowing what "Mr. White" wanted returned the telephone call.

23. Plaintiff spoke with a representative of Defendant's and after learning that Defendant was calling in regards to the collection of an alleged debt, Plaintiff informed Defendant not to contact him ever again. Plaintiff then terminated the telephone call.

24. Defendant immediately called Plaintiff back.

25. Plaintiff again instructed Defendant not to contact him ever again.

PLAINTIFF'S COMPLAINT

26. Despite Plaintiff's requests and instructions not to contact him, Defendant and others it retained still continued to contact Plaintiff.

27. Plaintiff received correspondence from Defendant, dated November 6, 2009, attempting to collect an alleged debt on behalf of LVNV Funding in the amount of $7,294.47. A true and correct copy of the November 6, 2009, letter is attached hereto as Exhibit "A".

28. Defendant's November 6, 2009, letter, stated the Plaintiff could dispute the debt or request validation of the debt, and if requested, it would provide verification of the debt. *See Exhibit A.*

29. Based upon Defendant's statements in its letter, Plaintiff sent a certified letter to Defendant disputing the debt and requesting validation. A true and correct copy of the November 13, 2009, letter is attached hereto as Exhibit "B".

30. Plaintiff's November 13, 2009, letter was received and signed for by an agent of Defendant on November 23, 2009. *See Exhibit B.*

31. Defendant did not send Plaintiff any form of debt validation, but continued to place harassing telephone calls to Plaintiff.

32. At one point in early January 2010, Defendant contacted Plaintiff's wife, who again informed Defendant that they were not permitted to call Plaintiff.

33. Defendant admitted to Plaintiff's wife that Defendant was in receipt of Plaintiff's November 12, 2009, letter and apologized for calling.

34. On January 17, 2010, Plaintiff sent a second letter to Defendant, again disputing the debt and requesting validation of the alleged debt. A true and correct copy of the January 17, 2010, letter is attached hereto as Exhibit "C".

35. Shortly after Plaintiff's January 17, 2010, letter was sent to Defendant, Defendant

- 5 -

PLAINTIFF'S COMPLAINT

sent Plaintiff a letter with two copies of a Sears' bill attached. See Exhibit D, The Sears bills.

36. On February 2, 2010, Defendant once again called Plaintiff. Plaintiff's adult daughter answered the call and informed Defendant that she was not involved in the debt action and had no business discussing the debt with Defendant.

37. Upon information and belief, Defendant sought to collect a debt from Plaintiff despite the fact that it had knowledge that Plaintiff was disputing its validity.

38. Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

39. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

40. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

41. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

42. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated of the FDCPA generally;

    b. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    c. Defendant violated § 1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

    d. Defendant violated § 1692e of the FDCPA by using false, deceptive, or

PLAINTIFF'S COMPLAINT

misleading representations or means in connection with the collection of a debt;

e. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

f. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

g. Defendant violated § 1692g(b) of the FDCPA by failing to cease collection of the debt, or any disputed portion thereof, until Defendant obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the Defendant; and

h. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, MICHAEL HRAPOWICKI, respectfully pray for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

- 8 -

PLAINTIFF'S COMPLAINT

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHAEL HRAPOWICKI, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 1-14-11     KIMMEL & SILVERMAN, P.C..

By: /s/ Craig Thor Kimmel
    Craig Thor Kimmel
    Attorney ID # 57100
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (215) 540-8817
    Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT